**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>NICHOLAS J. GRAMIGNA, JR.<br><br>Debtor.<br><br>NICHOLAS J. GRAMIGNA, JR.,<br><br>Movant,<br><br>v.<br><br>GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE, ADVANCEME, INC., AND VINCENZA KOSTA<br><br>Respondents. | Chapter 7<br>Case No. 24-50464 (JAM)<br><br>Re: ECF No. 16 |

**APPEARANCES**

Scott M. Charmoy (argued)
Charmoy & Charmoy, LLC
1465 Post Road East, Suite 100
Westport, CT 06880

*Counsel for Movant Nicholas J. Gramigna Jr.*

Jessica L. Braus (argued)
Glass & Braus, LLC
25 Lindberg Street
Fairfield, CT 06824

*Counsel for Respondent Vincenza Kosta*

**MEMORANDUM OF DECISION AND ORDER
GRANTING AMENDED MOTION TO AVOID JUDICIAL LIENS**

Julie A. Manning, United States Bankruptcy Judge

**I.    INTRODUCTION**

Before the Court is an Amended Motion to Avoid Judicial Liens pursuant to 11 U.S.C. §

522(f)(1) (the "Amended Motion to Avoid Liens," ECF No. 16) filed by Nicholas J. Gramigna, Jr. (the "Debtor"). The Amended Motion to Avoid Liens seeks to avoid the judicial liens of Vincenza Kosta and Advanceme, Inc. Advanceme, Inc. did not file a response or objection to the Amended Motion to Avoid Liens. For the reasons set forth below, the Amended Motion to Avoid Liens is **GRANTED** as to both Vincenza Kosta and Advanceme, Inc.

## II.    BACKGROUND

On July 2, 2024, the Debtor filed this Chapter 7 voluntary petition. On August 27, 2024, the Debtor filed the Amended Motion to Avoid Liens. The Amended Motion to Avoid Liens seeks to avoid certain judicial liens recorded against the Debtor's residence commonly known as 270 Nutmeg Lane, Fairfield, Connecticut (the "Property"). In addition to seeking to avoid the judicial liens, the Debtor claims a $250,000.00 homestead exemption with respect to the Property pursuant to 11 U.S.C. § 522(b)(3) and Conn. Gen. Stat. § 52-352b(21). (Amended Motion to Avoid Liens at p. 3).

On September 10, 2024, Vincenza Kosta (the "Respondent") filed an Objection to the Amended Motion to Avoid Liens. (the "Objection," ECF No. 18). The Objection asserts: (i) a stipulated deficiency judgment obtained after a foreclosure judgment is a consensual lien; (ii) the fair market value of the Property at the time the petition was filed was $740,000.00, and (iii) the calculation of the encumbrances including liens that are junior to the Respondent's lien is improper. (ECF No. 18).

On September 20, 2024, the Debtor filed a response to the Objection. In the response, the Debtor stipulated that the fair market value of the Property was $740,000.00 at the time the petition was filed. However, the Debtor asserts the stipulated deficiency judgment is not a consensual lien and can be avoided under section 522(f). (ECF No. 26).

On October 1, 2024, a hearing was held on the Amended Motion to Avoid Liens (ECF

No. 30). At the conclusion of the hearing, the Court directed the Debtor and the Respondent to file briefs addressing: (i) 11 U.S.C. § 522(f)(2)(C) and the caselaw interpreting that statute, including without limitation the cases *In re Vincent*, 260 B.R. 617 (Bankr. D. Conn. 2000), *In re Carson*, 274 B.R. 577 (Bankr. D. Conn. 2002), and *In re Criscuolo*, 386 B.R. 389 (Bankr. D. Conn. 2008), and (ii) whether the stipulated deficiency judgment is a consensual lien under *Rockstone Capital, LLC v. Sanzo*, 210 A.3d 554 (Conn. 2019). (ECF No. 31).

On November 8, 2024, the Respondent filed a brief arguing that the stipulated deficiency judgment is consensual lien. (ECF No. 35). On November 8, 2024, the Debtor filed a brief arguing that the stipulated deficiency judgment is not a consensual lien and is not a security interest or judgment arising out of a mortgage foreclosure. (ECF No. 36).

On November 19, 2024, the continued hearing on the Amended Motion to Avoid Liens was held. At the conclusion of the hearing, the Court took the Amended Motion to Avoid Liens under advisement. (ECF No. 38).

### III. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. The instant proceeding is statutorily core proceeding. 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(O).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV. DISCUSSION

The two issues the Court must determine are: (i) whether a deficiency judgment is a judicial lien that can be avoided under section 522(f)(1) or falls within the exception to avoidance under section 522(f)(2)(C); and (ii) whether the stipulated deficiency judgment at

3

issue in this case is a consensual lien which cannot be avoided.

### A. Is a deficiency judgment a judicial lien?

With respect to the first issue, case law in this district is divided. *Compare In re Vincent*, 260 B.R. 617 (Bankr. D. Conn. 2000); *In re Criscuolo*, 386 B.R. 389 (Bankr. D. Conn. 2008) *with In re Carson*, 274 B.R. 577 (Bankr. D. Conn. 2002). In *Vincent*, the first reported decision to address this issue, Judge Dabrowski held that a deficiency judgment is a lien arising out of a mortgage foreclosure and therefore is not a judicial lien avoidable under section 522(f). 260 B.R. at 621–22. *Carson* was the second reported decision addressing this issue and reached the opposite conclusion. 274 B.R. at 579. In holding that a deficiency judgment is a judicial lien that can be avoided, Judge Krechevsky stated "the most compelling construction to be placed upon subsection (C) is to take into account the primary purpose of § 522(f) to benefit debtors." *Id*. In the third reported decision on the issue, *Criscuolo*, Judge Dabrowski reaffirmed his decision in *Vincent*, again holding a lien securing a deficiency judgment arising out of a mortgage foreclosure could not be avoided under section 522(f)(1) because it fits within the exception to avoidance in section 522(f)(2)(C). *Criscuolo*, 386 B.R. at 393.

Although a divide exists, the Court must look to the language of the relevant statutes to decide this issue. Section 101(36) defines the term "judicial lien" as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. If the lien is a judicial lien under section 101(36), then section 522(f)(1) provides a debtor may avoid a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." Section 522(f)(2)(A) then sets forth a formula to determine whether a judicial lien impairs the debtor's exemption. *See In re Corson*, 206 B.R. 17, 22 (Bankr. D. Conn. 1997)*; see also In re Riggs*, 635 B.R. 1, 15 (Bankr. D. Conn. 2021). However, section 522(f)(2)(C) provides that avoidance shall not apply with respect to a judgment

4

arising out of a mortgage foreclosure.

The Debtor urges the Court to adopt the decision in *Carson*. As noted by Judge Krechevsky in *Carson*, the Debtor argues a determination that a deficiency judgment cannot be avoided would thwart the general purpose of section 522(f) to provide a remedy to protect the debtor's exempt property and would provide an apparent windfall to a creditor with a mortgage-deficiency judgment obtained in a foreclosure action. *See* 274 B.R. at 578–79. The Debtor also urges this Court to adopt the conclusion of the First Circuit Court of Appeals in the case of *In re Hart*. In *Hart*, the First Circuit held a deficiency judgment, "whether it arises in a foreclosure action as in Maine or in a separate action as in Massachusetts," is a non-consensual judicial lien subject to avoidance under § 522(f). 328 F.3d 45, 49 (1st Cir. 2003).

The Debtor additionally argues that Judge Dabrowski's decisions in *Vincent* and *Criscuolo* are the minority view and cites to case law from other circuits and districts in support of this argument. *See In re Le*, 633 B.R. 919, 923 (Bankr. M.D. Fl. 2021) ("Only one judge, the Honorable Albert S. Dabrowski, in two opinions [*Vincent* and *Criscuolo*] has disagreed with the majority and held that § 522(f)(2)(C) protects post-foreclosure deficiency judgments from avoidance."); *see also In re Pace*, 569 B.R. 264, 271 (B.A.P. 6th Cir. 2017) ("…[t]he overwhelming majority of courts hold that mortgage deficiency liens are not 'judgments [that] aris[e] out of a mortgage foreclosure.' . . Only two opinions, both from the same court, hold to the contrary: [*Vincent* and *Criscuolo*]."); *see also In re McMorris*, 436 B.R. 359, 362 (Bankr. M.D. La. 2010) ("*Criscuolo* stands virtually alone in its reading of [section 522(f)(2)(C)] and it[s] reasoning is not persuasive.").

The Respondent argues otherwise. The Respondent asserts that a deficiency judgment should be considered a judgment arising out of a mortgage foreclosure and excluded from voidable judicial liens pursuant to section 522(f)(2)(C) and urges the Court to adopt the

5

conclusions of Judge Dabrowski in *Vincent* and *Criscuolo*.

Although the Court understands and appreciates the reasoning in *Vincent* and *Criscuolo*, the Court is persuaded by the authority cited by the Debtor, including *Carson*. In reaching his conclusion in *Carson*, Judge Krechevsky reviewed a number of decisions which held that a deficiency judgment could be avoided under section 522(f). In so doing, he compared the holding of *Vincent* to the holding in the case of *In re Smith*. In *Vincent*, Judge Dabrowski held that a deficiency judgment is "part and parcel of a mortgage foreclosure action" and therefore not a judicial lien which can be avoided under section 522(f). 260 B.R. at 622 n. 3. In *Smith*, the court held a deficiency judgment is not a judgment arising from a mortgage foreclosure because, traditionally, under New York law a deficiency judgment is a remedy at law on the note and a foreclosure judgment is a remedy at equity on the mortgage. *In re Smith*, 270 B.R. 557, 560 (Bankr. W.D.N.Y. 2001). Although not discussed in *Carson*, under Connecticut law a deficiency judgment is also a remedy at law on the note, which until 1833 could not be pursued in a foreclosure action. *See Soc'y for Savings v. Chestnut Ests., Inc.*, 409 A.2d 1020, 1022–23 n. 3 (Conn. 1979). Deciding that state law was not relevant, Judge Krechevsky ultimately concluded that a deficiency judgment is a judicial lien which can be avoided. *Carson*, 274 B.R. at 580. *Hart* similarly did not rely on issues of state law in reaching its decision. 328 F.3d at 49.

Upon review and consideration of these decisions, and aside from the impact of applicable state law, the Court holds that a deficiency judgment is not a judgment arising out of a mortgage foreclosure. Therefore, the Court concludes that a deficiency judgment is a judicial lien that can be avoided under section 522(f)(1) and does not fall within the exception to avoidance under section 522(f)(2)(C).

  **B. Is the stipulated deficiency judgment a consensual lien?**

With respect to the second issue, the Debtor argues that a stipulated or consent judgment

is a judicial lien because it was entered by a court, citing *In re Ashe*, 669 F.2d 105, 108–110 (3d Cir. 1982) (*remanded sub nom. Commonwealth Nat'l Bank v. Ashe*, 459 U.S. 1082 (1982), *reaff'd*, 712 F.2d 864, 868 (3d Cir. 1983) *cert. denied,* 465 U.S. 1024 (1984)) and *In re Holyst*, 19 B.R. 14, 16–17 (Bankr. D. Conn. 1982).  The Respondent disagrees and argues that the stipulated deficiency judgment is a consensual lien because it is a consent judgment arising from a mortgage foreclosure, citing to *Rockstone Capital LLC v. Sanzo*, 210 A.3d 554, 560 (Conn. 2019).

Turning again to the relevant statutes, courts have held that a consent judgment fits within the definition of a judicial lien.  11 U.S.C. § 101(36); 2 COLLIER ON BANKRUPTCY ¶ 101.36 (16th ed. 2024) (citing *In re Ashe*, 712 F.2d at 868); *see also Holyst*, 19 B.R. at 16. (citing *In re Ashe*, 669 F.2d at 109).  In *Ashe,* the Third Circuit held that a cognovit note, a note which contains an agreement by the parties to the entry of a judgment, as well as a consent judgment, are judicial liens under section 101(36) because the lien is created by the judgment.[1]  669 F.2d at 109.  In reaching this determination, the Third Circuit considered practice under the former Bankruptcy Act of 1898 and reasoned Congress had done nothing to displace pre-Code practice, which considered consent judgments to be judicial liens.  *Id*.  Likewise in *Holyst*, this Court held that the lien at issue was created by the state court judgment, not by the consent of the debtor to the judgment, and therefore fits within the definition of a judicial lien.  19 B.R. at 16.

Despite the holdings in *Ashe* and *Holyst*, the Respondent argues the stipulated deficiency judgment is a consensual lien under applicable state law and relies on *Rockstone* to support this argument.  The Respondent's reliance on *Rockstone* is misplaced.  The facts in this case are distinguishable from the facts in *Rockstone*.  In *Rockstone*, the parties agreed to restructure

---

[1] Section 101(36) was formerly section 101(27).  Section 101(27) was the applicable statute when *Ashe* and *Holyst* were decided.

7

judgment liens into a consensual lien in the form of a mortgage. 210 A.3d at 556. In this case, the stipulated deficiency judgment was not converted to a mortgage. The stipulated deficiency judgment was entered by a court. *See Ashe*, 669 F.2d at 109; *Holyst*, 19 B.R. at 16–17. Therefore, the Court is persuaded that the stipulated deficiency judgment is a judicial lien under section 101(36) because it was created by a judgment. *See Ashe*, 669 F.2d at 109; *Holyst*, 19 B.R. at 16–17. Because the Court concludes the stipulated deficiency judgment is a judicial lien under section 101(36), it can be avoided under section 522(f)(1).

## V.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that a deficiency judgement is a judicial lien under section 101(36), can be avoided under section 522(f)(1), and is not protected as an exception to avoidance under section 522(f)(2)(C). The Court further concludes that the stipulated deficiency judgment in this case is a judicial lien under section 101(36) that can be avoided under section 522(f)(1). The Respondent's other bases set forth in the Objection are not persuasive. Because the stipulated deficiency judgment is a judicial lien that can be avoided, under the facts and circumstances of this case, the stipulated deficiency judgment impairs the Debtor's exemption in the Property. *Corson*, 206 B.R. at 22. Accordingly, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. § 522(f)(1), the Debtor's Amended Motion to Avoid Judicial Liens of the Respondents Vincenza Kosta and Advanceme, Inc. is **GRANTED** and a separate order will enter; and it is further

**ORDERED:** Pursuant to 11 U.S.C. § 349(b), in the event that this Chapter 7 case is dismissed, the liens avoided by this order shall be reinstated without any further order of this Court.

Dated at Bridgeport, Connecticut this 20th day of December, 2024.



*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut